Good morning. I'm Robert Lample, counsel for Innovative Designs, Inc., Pellant, in this case. This is an unusual argument. It is, Your Honor, since there's no opposition. But we needed to understand the case better and therefore appreciate your willingness to argue. I'm eager to help explain anything that the court would have questions about. Basically, the essence of the appeal is not to change law, not to reach for frontiers in the law, not to find even nuances. It's to have the court review the determinations of the lower court, that is Judge Schwab of the Western District, who made two determinations that we think were clearly erroneous. Before we get to that, what about our jurisdiction? You had a five-count complaint before the court. How about the other three that are still sitting? They're stayed. Army? They are stayed and the case is administratively closed. Yes. Is that a final judgment then we have? Well, there's a final disposition of these two counts and issues regarding Yes, but how about the other three counts? The other three counts, first of all, Your Honor, I believe that the determination to But in the second part of this That has been determined. Sir? That has been determined, so the question of whether it was referable to arbitration is not before us. That was an interlocutory order entered on September, by a memorandum of opinion dated September 21, 2004, and subsequently the court closed, administratively closed the case. But it can't do that and make it a final judgment. You still have pending before the court a request for a declaratory judgment on the validity of the patent. Correct, but the lower court refused to open the case and allow those to proceed. There was an order, there was a judgment entered May 9. Actually, the arbitration, the deed of arbitration included all of the claims, did it not? It appears to, although we don't think it's arbitrable. Well, but I'm saying they all were considered by the Italian arbitration faculty. The best way I could address that, Your Honor, is to say I know what I've read and it's the same thing you've read. We did not participate in that arbitration. Right. They didn't resolve the validity of the patent. I think there's reference to that. I'd have to look. I don't want to be glib. I don't think they talked about whether the patent was valid or not. I just couldn't agree. There's an arbitrator decision, arbitration decision, which you'll see in Italian and translated into English. Yes, I read the English. Well, I used to speak Italian in Greenfield. I think you've got a 54B problem here, that there's not a final judgment. I believe, Your Honor, and I could be wrong, that the arbitration, the order to compel is an appealable, interlocutory order, and then we have, in fact, an order enforcing the arbitration which occurred subsequently. Judge Wise's point is if there are three counts still pending before Judge Schwab haven't been decided. But he refuses to open the document. Well, that's what, I mean, the May 9, 2006 order appears to be his view that it's final, that the case is closed. And I don't know what the difference is between administratively closed or closed. I actually have a couple decisions up here on that issue. One is WRS versus Plaza, and another one involving... To what effect? That administrative closure does not bar a subsequent request to open the case and or does not, if the case is reopened, implicate that it's a new case or any statute of limitations as well. Did you request reopening of the case? It was requested on an interim basis, yes. I'll have to find it for you if you want to take time for that. Well, I have an order July 2006 saying that the court entered final judgment against Plaintiffs on May 9, 2006. Correct. I don't think we have access to the lower court at this point. I guess that's the issue. May I call your attention to Kate Mae Greene versus Warren at 698 Beth 2nd, 179? Where we had a 54B problem, and we held that if the parties straighten out the jurisdiction by getting a 54B order before we decide the case, we could go ahead and decide it. So that perhaps we should... I think we should go to the district court and apply for a 54B certification. Certainly, we'll call your admonition. Immediately, so before we decide the case. All right. Well, I think what we'll do is, having made that suggestion, we, after hearing argument, we always confer on cases. So what we will do as a panel is confer and perhaps make that recommendation. But why don't you proceed with your argument? Well, the argument, Your Honor, is, as I said, we're not trying to change the law or reach into new areas. It's a review of the record in which the lower court made determinations of fact on which it, first by memorandum opinion of September 2104, innovative designs, the appellant, found by an arbitration clause in an agreement in which it was not a signatory. Well, what evidence did the district court have to submit innovative, your client's case to arbitration? None, zero, none. There's nothing there. There's allegations. If you look at this record, it's a little odd because most of what came into the court's docket came in through letters, attachments to briefs from the other counsel. There's no formalized process for determining the facts. There's no declarations. There's a couple of verifications signed by counsel on extraneous newspaper articles attached to briefs, things like that. The court makes findings that we think are wrong on which it has no basis on the record or in front of it. The only appearances in front of the court that I'm aware of is that sometime in July of mid-2004, there was a telephone case management conference, and then subsequent to that, there was a colloquy in which I appeared and the other counsel appeared before Judge Schwab. I think it was February 19, 2006, in which we discussed the motion to compel the arbitration or enter the award and our response to that. In that colloquy, which occurred in open court, it probably lasted 40 minutes, there was a discussion of we try to preserve the issues regarding the court's earlier determination, combining innovative designs, and then we discussed the actual Italian arbitration process. And at that, there was a stipulation, at least you'll find it's clearly not disputed, that there were only four communications regarding this arbitration that resulted in a $4.5 million judgment and which found innovative designs on its face. It was the non-signatory. Those work. They're cited in that colloquy, and I can give you citations to the appendix if you'd like. I extracted them. I'm sorry, it was February 17th, the colloquy. It's a deed of arbitrator's appointment, which appears in the appendix at 189. It's a letter from prior counsel to the defendant's Italian counsel that appears in the appendix at 516. There is a letter from the Italian counsel to prior counsel that appears at 518. And then there is a letter from our counsel to Italian counsel that appears at 523. The upshot of it is it's a deed of arbitration, which is the form of what they implement this process. There's a letter saying that they have appointed an arbitrator for our benefit, our designee. The other two are letters coming from our counsel, who was in Cleveland, saying that he requested a 30-day continuous, and then a subsequent letter saying that he was no longer representing the respondents, my client, and that all communications should go directly. Nothing else. Did you ever inquire of Judge Schwab or file a motion requesting an indication as to his finding that it was incredible for you to claim you didn't have notice in the face of overwhelming record evidence? Did he cite to record evidence that was there, or have you defined exactly what he was talking about? No. If you read his two opinions, I would say I would compliment the drafting of them in the sense that they're good syllogistic decisions, except those things he's talking about, and there's others, where he finds things incredible, there's no doubt he uses adjectives like this, have no basis on the record. You can't find it. What happens if we find that the legal conclusion that IDI was bound by the arbitration agreement was flawed? That is before us. We find that he was wrong in saying that IDI was bound to arbitrate by the arbitration agreement. You would reverse that decision? Then it would come back, and you would be entitled to a trial on all counts, presumably? Yes. Hopefully we would open the dock and go forward on the patent infringement and trademark issues. What happens to the arbitration award against RMF Global? You don't represent them, do you? I did, but we filed it Chapter 7 because it destroyed the viability of the entity. That is lost. We withdrew the appeal for RMF Global. Am I correct that if the court below should decide that Innovative Designs was not a party to the arbitration agreement, that the judgment against RMF Global would nevertheless still stand? It might be an academic exercise. It would be a record. That appeal isn't before us. No, we withdrew it. We just simplified things. I would just like to point out one thing, Your Honor, in terms of case law. That's why I let off saying you don't have to make law here. You don't have to search. Judge Nigert was on a panel for a case called Boreas, which we cite in our brief. Boreas was a review of a Judge Schwab decision of a similar nature involving an investor that got involved in some kind of a project at Carnegie Mellon University. He made similar findings, Your Honors, in a panel. Judge Nigert reversed that, saying he had to have evidence. He cites it in his decision in September of 2004, but doesn't follow it. Then, most recently, as I was obsessing through this argument, I tracked down the law, and I find that Judge Rendell was on a panel for a case called Cassinda. Cassinda involved the merger of, I think it was Mercedes and Chrysler, in a fight over whether some vulture capitalist was abused or not. In any event, the question there raises the same interface. The waiver of the Seventh Amendment right to jury trial versus compelling arbitration. You cite Boreas affirmatively and go through a pretty erudite discussion of how the Federal Arbitration Act and its policy interacts with the Seventh Amendment right. You never reach the issue of whether one dominates the other, but you clearly set forth that a non-signatory to an arbitration clause must be bound on some legal theory, and it has to be factually found that that legal theory holds water. I just point that out to you because it seems to be very well-settled law in the Third Circuit, and at least two of you have sat on panels in recent years. One came out on September 26th, stating these concepts with, I think, no uncertainty at all. The problem in our case is there's no factual basis for the court to derive its conclusion. He just says it, and that's really the rub on the nub of the case. Does the court have more questions? I will follow through on the – Well, wait until we confer as a panel, and then we would communicate further with you. Thank you for your time. Thank you very much.